(No. 78-CC-1455-▮▮▮▮▮▮▮▮▮)

LAURENCE SMITH, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 11, 1982.*

DI MONTE, BAKER & LIZAK (CHESTER LIZAK, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (GLEN P. LARNER, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This is a claim for back pay for an employee wrongfully discharged by the Illinois Department of Mental Health and Developmental Disabilities (hereinafter referred to as DMHDD) at Chicago-Reed Mental Health Center. Claimant was employed as a full-time

medical technician by DMHDD. He was discharged on May 12, 1975, and after litigating the matter through the Civil Service Commission, the circuit court of Cook County and the Illinois Appellate Court, the Illinois Appellate Court determined that Claimant was wrongfully discharged.

At the hearing the parties were in agreement for the years 1975 through 1977 for the amounts due, and their computations were as follows:

| | Est. DMHDD earnings | Actual earnings | Total due |
|------|---------------------|-----------------|-------------|
| 1975 | $ 5,792.00 | $ 1,508.00 | $ 4,284.00 |
| 1976 | 9,396.00 | 7,342.00 | 2,154.00 |
| 1977 | 10,068.00 | 16,861.00 | -0- |
| Subtotal ...................... | | | $ 6,438.00 |
| Add vacation pay due upon termination ................... | | | 960.78 |
| Total ........................ | | | $ 7,398.78 |

The disputed issue is as to pay for the year 1978 from January 1, 1978, through May 31, 1978, amounting to $4,460.00 in salary and $304.05 in vacation pay due by reason of termination of employment or a total of $4,764.05.

Claimant testified that prior to his discharge he was employed as a Medical Technician II. He worked the shift from 4:00 p.m. to midnight. During this time he was a full-time day student, a fact known by DMHDD.

After the decision of the Illinois Appellate Court, according to the departmental report, a representative of the DMHDD, Ronald Berg of the employee relations division, informed Claimant's attorney on March 10, 1978, to have Claimant report to his office for work

assignment immediately. The work assignment was to begin at 8:30 a.m. Claimant did not report to work.

On May 22, 1978, Berg of DMHDD, by letter informed Claimant that if he did not report to work before June 1, 1978, he would be terminated.

Claimant offered to come to work at 4:00 p.m. for the shift as he had previously been employed. This offer was apparently refused by DMHDD by letter of May 29, 1978, wherein Berg informed Claimant that he was to report to work at 8:30 a.m. no later than June 1, 1978. Claimant did not comply. Thereafter, in June of 1978, Claimant accepted a job at higher pay elsewhere.

During the period of January 1, 1978, through May 31, 1978, Claimant was a full-time student. He was admittedly not employed and admitted to making no efforts to obtain after-school employment because he felt it was more important to devote his time to his studies. His studies had not changed in any way to indicate that more time was needed to be spent in school than had been in the past when he did work. His other employment commencing in the third week in June was after he was out of school.

Claimant contends that the oral request to return to work on March 10, 1978, was not supported by competent evidence, the same having been introduced by way of a departmental report offered into evidence at the hearing and tentatively admitted into evidence with the reservation that counsel for Claimant would be allowed seven days to file any objections he may have had. Rule 14 of the Rules of the Court of Claims provides that departmental reports are *prima facie* evidence of the *facts* contained therein (emphasis added). We recognize that there is some potential for abuse of this rule, note the

objections and replies regarding the admission of this departmental report, and have accorded it the weight and consideration we feel it merits.

The request to return to work was apparently for a day shift. The DMHDD knew that Claimant was a day student and could not work the day shift. We find that this request and the written requests of May 22, 1978, and May 29, 1978, were not appropriate offers to reinstate at the same position. The same position was for the shift beginning at 4:00 p.m. under the known circumstances of Claimant's current and past status of being a full-time day student. However, Claimant's claim for 1978 back pay fails for a different reason. Respondent is not liable for that period because of Claimant's admitted failure to mitigate his losses during 1978. This case is different from *Padgett v. State* (1979), 33 Ill. Ct. Cl. 92, wherein we found that Claimant's attendance at school was evidence of mitigation. In that case the Claimant did seek other employment and did find some part-time work. In the case at bar Claimant did not even seek other work. Also, in *Padgett* we noted that there was no evidence to suggest that the Claimant would have found work had he not gone to school and that no authority was cited to suggest that a person who has been wrongfully discharged from State employment is prohibited from attempting to educate himself in order to fit into the job market. In the case at bar Claimant was attending school prior to his discharge and there was no indication his studies changed in any way. For the same reason that income from a second job held prior to and after a wrongful discharge is not set off in mitigation, Claimant's schooling is not mitigation.

Claimant also seeks overtime pay, interest, attorney fees and such other and further relief as he is entitled to

under the law. First, with respect to overtime pay the record indicates that Claimant had at the time of his discharge accrued $205.67 in overtime. This amount has not been liquidated and we find he is owed it. No compensation is due Claimant for any overtime during the period of his discharge. He did not actually perform overtime and to say he would have would be too speculative.

Second, we find that Claimant is not entitled to interest. We have consistently denied claims for interest in the absence of a statute expressly subjecting the State to such an obligation. None was proffered and none was found by us. The claim for interest is denied.

Third, Claimant, in his brief, makes claim for attorney fees pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 41), on the basis that untrue statements were made. Said section provides that a court may award such fees upon motion made within 30 days of judgment or dismissal. Therefore, this aspect of the claim is premature and is denied on that basis.

Claimant is hereby awarded the sum of $7,604.45 (seven thousand six hundred four dollars and forty-five cents) plus appropriate employer contributions and less appropriate employee deductions as computed in Appendix A attached hereto and incorporated herein.

## APPENDIX A

Identification of State contributions and deductions from back salary award

To the State Employees' Retirement System:

| | |
|---|---|
| Employee's contribution to State Employees' Retirement System | 1010.24 |

| | |
|---|---|
| Employee's contribution to FICA | 444.77 |
| State's contribution to State Employees' Retirement System | 1719.07 |
| State's contribution to FICA | 444.77 |

To Illinois State Treasurer to be remitted to Internal Revenue Service:

| | |
|---|---|
| Claimant's Federal income tax | 1520.89 |

To Illinois Department:

| | |
|---|---|
| Claimant's Illinois income tax | 190.11 |

To the Claimant:

| | |
|---|---|
| Net salary | 4438.44 |

Total award $9768.29